UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| **NOTEBOOM RV LLC,**<br>    **Plaintiff,**<br><br>vs.<br><br>**CLEAR BLUE SPECIALTY**<br>**INSURANCE COMPANY and**<br>**MARSH & MCLENNAN AGENCY LLC,**<br>    **Defendants.** | Civ. 23-4110<br><br><br>**COMPLAINT** |

      **COMES NOW**, Plaintiff, Noteboom RV LLC (hereinafter "Noteboom RV"), by and through their attorneys of record, Michael F. Marlow and Dylan M. Miller, and brings its causes of action against Defendants Clear Blue Specialty Insurance Company (hereinafter "Clear Blue") and Marsh & McLennan Agency LLC (hereinafter "Marsh McLennan") (collectively referred to as "Defendants") and states and claims as follows:

**PARTIES**

    1.     Noteboom RV is a recreational vehicle dealer formed under the laws of the State of South Dakota, having its principal place of business in Harrisburg, South Dakota.

    2.     Clear Blue is a corporation formed under the laws of the State of North Carolina, having its principal place of business in Raleigh, North Carolina.

    3.     Marsh McLennan is an insurance agency and brokerage business formed under the laws of the State of New York, having headquarters in New York, New York.

## JURISDICTION AND VENUE

4. Jurisdiction, forum, and venue are proper for this insurance litigation in the Southern Division of the United States District Court for the District of South Dakota, pursuant to 28 U.S.C. § 1391(b)(2).

5. The amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) and this Court has jurisdiction pursuant to 28 USC § 1332.

## GENERAL ALLEGATIONS

6. Noteboom RV had a long-standing relationship with Marsh McLennan and its predecessor regarding insuring its entire recreational vehicle ("RV") business and inventory at Noteboom RV's dealership and storage locations.

7. At all times material, agents of Marsh McLennan were aware that Noteboom RV utilized two locations—one for storage of RV inventory and one for the retail sale of RVs—and knew Noteboom RV would regularly transfer its inventory between the two locations.

8. On prior occasions, Marsh McLennan routinely procured insurance coverage for Noteboom RV's entire RV inventory at both its dealership and storage locations.

9. At Marsh McLennan's suggestion, Noteboom RV applied for insurance from a new company, Clear Blue, in the spring of 2023.

10. When applying for the insurance policy through Clear Blue, Noteboom RV used an electronic insurance application form supplied by Marsh McLennan, the pertinent portions of which are attached as Exhibit 1.

11. The application was partially completed by Greg Noteboom, the owner of Noteboom RV, and forwarded to Marsh McLennan for completion by Marsh McLennan and submission to Clear Blue by Marsh McLennan.

12. Agents of Marsh McLennan completed the remaining portions and submitted the application to Clear Blue, but the application failed to list the storage location.

13. Although Marsh McLennan knew of the storage location and knew Noteboom RV was relying on Marsh McLennan to complete the application, Marsh McLennan did not list the storage location on the application and did not inform Noteboom RV of this omission.

14. Clear Blue offered insurance coverage on Noteboom RV's entire inventory and Noteboom RV paid the applicable premium on the entire inventory.

15. Noteboom RV received an estimated policy quote and paid a down payment of $16,797.38, towards the quoted premium and fees, which totaled $97,122.38, and insurance coverage commenced on April 18, 2022 ("Insurance Policy"). A copy of the official policy and the RV endorsement are attached as Exhibit 2. Noteboom RV ultimately paid the entire $97,122.38 as originally quoted.

16. On or about May 29, 2022, Noteboom RV suffered hail damage to approximately 246 RVs located on the two locations, including 56 RVs at its storage location.

17. At all times relevant before and after the hailstorm, all premiums and fees were paid current on all hail-damaged RVs at both locations.

18. Noteboom RV filed a claim of loss on the damaged RVs through Mobility Claims Group, an entity hired by Clear Blue to adjust the hail loss, but the claim was challenged based on the location of the 56 RVs at the time of loss.

19. On June 23, 2022, Noteboom RV notified an agent of Marsh McLennan about the challenge to coverage. Marsh McLennan's agent asserted that the denial was an attempt to deny coverage on a technicality; that Marsh McLennan was in negotiations with Clear Blue to remedy the situation; and that Noteboom RV would be made whole. The emails between Greg Noteboom and Marsh McLennan's agent are attached as Exhibit 3.

20. Noteboom RV relied upon the promise of Marsh McLennan that Noteboom RV would be made whole and did not file suit or take any further action at that point.

21. On July 5, 2022, Mobility Claims Group notified Noteboom RV that Clear Blue denied its claim for damages on the 56 RVs at the storage location since the RVs were not located at the dealership at the time of loss. A copy of the letter is attached as Exhibit 4.

22. When denying the claim, Clear Blue or its agents asserted the insurance policy allows for claims only if the inventory is located at a location listed on the policy, even if premiums were paid on inventory located at other locations.

23. Upon receiving the formal written denial of coverage, Noteboom RV immediately contacted Marsh McLennan to ensure the storage location was added to its insurance policy.

24. On January 11, 2023, Marsh McLennan informed Noteboom RV that adding the storage location to its Insurance Policy resulted in no additional increase in premium since the amount of inventory insured remained the same.

25. The omission of the storage location from the application was not a material omission since it did not result in an increased premium.

26. Noteboom RV suffered uncompensated damages to 56 RVs totaling $752,993.08 as shown on Exhibit 5.

27.     After the deductible amount of $2,500 per RV, the total insured loss to Noteboom RV is $612,993.08.

28.     Noteboom RV at all times relevant, made good faith efforts to ensure its locations and inventory were properly and adequately insured. Noteboom RV never intended to deceive or increase the risk or hazard faced by Clear Blue.

29.     After Clear Blue formally denied coverage, Noteboom RV requested Marsh McLennan to make it whole as promised, but Marsh McLennan refused to do so.

30.     At no time did Clear Blue tender or offer to tender the premiums charged and paid for inventory located on the storage lot.

## COUNT 1: DECLARATORY JUDGMENT
*(Clear Blue)*

31.     Noteboom RV realleges all preceding material paragraphs.

32.     Noteboom RV seeks a judicial determination that the insurance policy issued by Clear Blue provides coverage for the 56 damaged RVs located at Noteboom RV's storage location.

33.     Noteboom RV seeks a judicial determination ordering Clear Blue to pay it $612,993.08 and all other applicable costs, interest and expenses associated with this litigation.

## COUNT 2: CONVERSION
*(Clear Blue)*

34.     Noteboom RV realleges all preceding material paragraphs.

35.     Noteboom RV paid Clear Blue the premium charged for Noteboom RV's entire RV inventory at both its business and storage locations.

36.     Clear Blue charged and retained premiums on all Noteboom RV's inventory but refused to provide insurance coverage for Noteboom RV's inventory damage at its storage location.

37. Clear Blue converted Noteboom RV's premiums by retaining them after refusing to insure inventory losses at Noteboom RV's storage location.

38. Clear Blue exercised dominion and control over Noteboom RV's premiums without notice, knowledge, consent, or authorization. Clear Blue's dominion and control seriously interfered with Noteboom RV's rights and any interests to the premiums wrongfully withheld.

### COUNT 3: NEGLIGENT PROCUREMENT OF INSURANCE COVERAGE
*(Marsh McLennan)*

39. Noteboom RV realleges all preceding material paragraphs.

40. Noteboom RV sought specific insurance coverage from Marsh McLennan for all RV inventory owned by Noteboom RV.

41. Noteboom RV fully informed Marsh McLennan of all material information necessary for Noteboom RV to receive appropriate insurance coverage for its entire RV inventory at both its dealership and storage locations.

42. At all times material, Marsh McLennan was intimately familiar with Noteboom RV's business operation, business and storage locations, and insurance needs.

43. Marsh McLennan knew Noteboom RV required insurance covering its entire RV inventory at both its dealership and storage locations.

44. At all times material, Marsh McLennan knew or reasonably should have known all pertinent information required to properly include Noteboom RV's two locations on the insurance application.

45. As Noteboom RV's insurance agent, Marsh McLennan was required to use reasonable care, diligence, and judgment in procuring Noteboom RV's requested insurance.

46. Marsh McLennan owed Noteboom RV duties, including but not limited to:

    a. Investigating and understanding the facts necessary to obtain appropriate insurance coverage for all inventory owned by Noteboom RV, including the amount and location of that inventory;

    b. Having in place appropriate processes and procedures for accurately stating all of Noteboom RV's physical locations and inventory on Clear Blue's insurance application;

    c. Identifying and including Noteboom RV's storage location in the insurance application before submitting it to Clear Blue to meet Noteboom RV's insurance needs;

    d. Procuring insurance of the kind requested or desired, with the provisions specified by the Noteboom RV;

    e. Confirming the insurance coverage obtained from Clear Blue provided coverage for all inventory owned by Noteboom RV.

    f. Obtaining insurance coverage on all RV inventory owned by Noteboom RV.

47. Marsh McLennan breached its duties owed to Noteboom RV by:

    a. Failing to investigate and understand the facts necessary to obtain appropriate insurance coverage for all inventory owned by Noteboom RV, including the amount and location of that inventory;

    b. Failing to have in place appropriate processes and procedures for accurately stating all of Noteboom RV's physical locations and inventory on the Clear Blue application;

  c. Failing to identify and include Noteboom RV's storage location in the insurance application before submitting it to Clear Blue even though Marsh McLennan had knowledge of the storage location and Noteboom RV's insurance needs;

  d. Failing to procure insurance of the kind requested or desired, with the provisions specified by the Noteboom RV;

  e. Failing to confirm the insurance coverage obtained from Clear Blue provided coverage for all inventory owned by Noteboom RV; and

  f. Failing to obtain insurance coverage on all RV inventory owned by Noteboom RV.

48. Marsh McLennan's breaches of its duties proximately and legally caused Noteboom RV's damages, including but not limited to, financial loss directly related to Clear Blue's denial of coverage.

49. But for Marsh McLennan's negligence, Noteboom RV's entire RV inventory would have been adequately covered for the May 29, 2022 hailstorm.

### COUNT 4: BREACH OF CONTRACT
*(Marsh McLennan)*

50. Noteboom RV realleges all preceding material paragraphs.

51. Marsh McLennan's agent represented to Noteboom RV that it would negotiate with Clear Blue to remedy the situation on Noteboom RV's behalf and that in any event Noteboom RV would be made whole for damage to the inventory on the storage lot.

52. Noteboom RV relied on Marsh McLennan's promise, forbore on its rights to sue, and took no further action at that time to resolve its claim with Blue Clear.

53. Marsh McLennan knew or should have known that Noteboom RV would rely on its promises.

54. Marsh McLennan's representations were express assurances made in the furtherance of the service agreement it entered into with Noteboom RV for the purpose of brokering and procuring insurance plans and policies for Noteboom RV.

55. Marsh McLennan breached its contract with Noteboom RV when it refused to honor the promise it made to Noteboom RV to make Noteboom RV whole for its losses.

56. Because Marsh McLennan breached its promises, Noteboom RV is entitled to damages as provided by law.

## COUNT 5: BAD FAITH
*(Clear Blue)*

57. Noteboom RV realleges all preceding material paragraphs.

58. Clear Blue consciously engaged in wrongdoing by refusing coverage while retaining the premiums paid for the entire Noteboom RV inventory.

59. There is no reasonable basis for Clear Blue to retain the premiums on the entire damaged inventory while at the same time denying coverage.

60. Clear Blue committed bad faith by denying coverage while at the same time retaining the premiums paid for the entire Noteboom RV inventory.

## COUNT 6: PUNITIVE DAMAGES
*(Clear Blue)*

61. Noteboom RV realleges all preceding material paragraphs.

62. Clear Blue is aware of its obligations to charge and retain premiums only on Noteboom RV's insured inventory.

63. By not refunding premiums paid for inventory Clear Blue alleges was not covered, Clear Blue converted funds belonging to Noteboom RV.

64. Clear Blue's conversion of the insurance premiums while refusing coverage is oppressive, fraudulent, or malicious. The conversion was committed intentionally or through willful and wanton misconduct, entitling Noteboom RV to punitive damages pursuant to SDCL § 21-3-2.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests and prays for the following against the Defendants:

1. Under Count 1, that the Court determine the Insurance Policy issued to Noteboom RV by Clear Blue provides insurance coverage for inventory located at the storage location damaged in the May 29, 2022 hailstorm and award Noteboom RV the full $612,993.08 in damages;

2. In the absence of the relief requested in Count 1, that the Court award damages against Clear Blue for Count 2 (conversion);

3. In the absence of the relief requested in Count 1, Noteboom RV requests that the Court award damages from Marsh McLennan under Counts 3 and 4 for $612,993.08 less any amounts awarded under Count 2;

4. Under Counts 5 and 6, that the Court award general and punitive damages against Clear Blue for bad faith conversion of premiums paid to Clear Blue;

5. For pre-judgment and post-judgment interest as allowed by law;

6. Plaintiff's attorneys' fees, costs and disbursements as allowed by law; and

7. Such other relief as the Court deems just and proper.

Dated this 18th day of July 2023.

                                                                              _____
                                                                              Michael F. Marlow
                                                                              Dylan M. Miller
                                                                              Marlow, Woodward & Huff, Prof. LLC
                                                                              200 West Third Street
                                                                              P.O. Box 667
                                                                              Yankton, SD 57078
                                                                              Telephone: (605) 665-5009
                                                                              Facsimile: (605) 665-4788
                                                                              Email: mike@mwhlawyers.com; dylan@mwhlawyers.com
                                                                              *Attorneys for Plaintiff*

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Noteboom RV LLC

### DEFENDANTS
Clear Blue Specialty Insurance Company and Marsh & McLennan Agency LLC

(b) County of Residence of First Listed Plaintiff: **Lincoln, SD**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Wake, NC**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Michael F. Marlow, Marlow, Woodward & Huff, Prof. LLC, P.O. Box 667, Yankton, SD 57078; (605) 665-5009

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [x] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
Denial of insurance coverage

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 7-18-2023

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____



US POSTAGE & FEES PAID
1 LB PRIORITY MAIL RATE
ZONE 1 NO SURCHARGE
ComBasPrice

062S0014950527
3855311
FROM 57078

P

stamps endicia
07/18/2023

**USPS PRIORITY MAIL ®**

0005

Marlow, Woodward & Huff, Prof. LLC
200 West Third Street
P.O. Box 667
Yankton SD 57078

C033

SHIP TO:
UNITED STATES DISTRICT COURT CLERK
UNITED STATES COURTHOUSE
400 S PHILLIPS AVE RM 128
SIOUX FALLS SD 57104-6851

USPS TRACKING #

9405 5112 0620 3201 9468 57

**First Class Mail**

First Class Mail

First Class Mail